UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PABLO SEGUNDO LLIGUICHUSCA-LOJA,

Petitioner,

v.

WARDEN, et al.,

Respondents.

No.  2:26-cv-00980-DAD-SCR

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT

(Doc. Nos. 1, 2)

On March 19, 2026, petitioner Pablo Segundo Lliguichusca-Loja filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  Petitioner alleges that he entered the United States on November 20, 2020, and on January 22, 2026, he was detained by immigration authorities.  (*Id.* at 1, 3.)  Petitioner requests his immediate release and the award of his costs and reasonable expenses.  (*Id.* at 8–9.)  Also on March 19, 2026, petitioner filed a motion for temporary restraining order and the court set a briefing schedule on the motion, directing respondents to specify whether petitioner has been previously detained by immigration authorities and substantively address whether any provision of law or fact in this case would distinguish it from this court's decisions in *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK

1

(HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), *Rangel v. Noem*, No. 1:26-cv-00084-DAD-CSK, 2026 WL 73996 (E.D. Cal. Jan. 9, 2026), or *Quichimbo-Jimenez v. Warden, California City Correctional Center*, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026).  (Doc. Nos. 2, 4.)

Later that same day, March 19, 2026, respondents filed their opposition to the pending motion for temporary restraining order.  (Doc. No. 6.)  "Respondents submit that Petitioner was apprehended on November 28, 2020 in Lukeville, Arizona and immediately removed from the United States[,]" and "shortly after removal, Petitioner again illegally crossed the border into the United States and was not apprehended by immigration officials at that time."  (*Id.* at 1.) Respondents also state that the cases cited by the court are not distinguishable and that they are amenable to the court ruling on the underlying petition based upon the briefing before the court and waive any hearing.  (*Id.* at 1–2.)

Accordingly, pursuant to the reasoning as stated in the above-cited cases as well as the court's recent decision in *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026), the court will grant the petition for writ of habeas corpus in part.

For the reasons explained above,

1.      Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED in part as follows:

a.      Respondents are ORDERED to immediately release petitioner from respondents' custody;

b.      Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

/////

2

      c.      Petitioner's request for costs and reasonable expenses is DENIED without prejudice to bringing a properly noticed and supported motion;

2.      Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting petitioner the requested federal habeas relief on the merits; and

3.      The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **March 20, 2026**

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3